**FOUR STAR COMICS CORPORATION,**
Plaintiff-Appellant,

v.

**KABLE NEWS COMPANY,** Defendant-
Appellee.

**AJAX PUBLICATIONS, INC.,** Plaintiff-
Appellant,

v.

**KABLE NEWS COMPANY,** Defendant-
Appellee.

Nos. 146, 147, Dockets 28126, 28127.

United States Court of Appeals
Second Circuit.

Argued Nov. 7, 1963.

Decided Dec. 30, 1963.

White & Case, New York City (John
M. Johnston and Charles F. G. Raikes,
New York City, of counsel), for plain-
tiffs-appellants.

Hays, St. John, Abramson & Heilbron,
New York City (Osmond K. Fraenkel,
James R. Cherry and Elias Messing, New
York City, of counsel), for defendant-
appellee.

Before WATERMAN, MOORE and
SMITH, Circuit Judges.

PER CURIAM:

On a previous appeal we disagreed
with the original trial court's interpreta-
tion of magazine distribution contracts
between publishers (Four Star and
Ajax) and the distributor (Kable) to the
effect that the distributor was entitled
to a deduction for all magazines returned
to the distributor. We held that the con-
tract in issue contemplated a scheme of
distribution along the following steps:

1. Shipment by publisher to
   Kable's wholesaler; then

2. Debit of Kable's account of 5¢
   per magazine shipped; then

3. (a) Either sale by wholesaler
   to retailer to public, in which case
   Kable's duty to pay 5¢ per maga-
   zine becomes absolute,

   (b) Or failure to sell within con-
   tractual period followed by re-
   turn to Kable by wholesaler,

   (c) Or return to Kable within
   contractual period and reshipment
   to second wholesaler, in which
   case step 3 begins again.

   If the event delineated in 3(b)
   occurs, then

4. (a) Either return by Kable to
   publisher, in which case Kable's
   right to a credit becomes absolute,

(b) Or destruction by Kable when permitted by the contract as a substitute for return, in which case Kable's right to a credit becomes absolute. 289 F.2d 632, 636 (2 Cir. 1961).

We also held that Kable's accounts were not conclusive and that "the publishers, in spite of their prior tacit assent, may attack the accounts by evidence of errors therein, but have the burden of showing in what manner the accounts are incorrect." 289 F.2d 632. Accordingly, we remanded the cases for a new trial to give the parties an opportunity to present their proof in the light of our opinion.

On the second trial the trial court has taken and carefully analyzed the evidence relating to the transactions in issue in accordance with our views of the distribution scheme contemplated by the contracts.[1]

■ Separating the various statements into two groups, those covering the period prior to February 1, 1958, and those thereafter, the trial court found as to the pre-February 1, 1958 statements that the unsold magazines had been destroyed or disposed of as contemplated by the contracts and that "The plaintiffs have wholly failed to carry their burden of showing that any final statement submitted prior to February 1, 1958, was false or erroneous in any respect." This conclusion was reached after meticulous consideration of the testimony of many witnesses and an appraisal of their credibility.

■ As to the period subsequent to February 1, 1958, embracing some thirty-four statements, the trial court held that no proper objection had been made to these statements and that "there is not a shred of evidence that Four Star was misled by anything in the final statements submitted after February 1, 1958." The conclusion that "Four Star

is bound by the accounts" is fully justified.

For a complete exposition of the facts upon which the district court decision and judgment are based, reference is made to the trial court's well-reasoned opinion reported in 224 F.Supp. 108 (S.D.N.Y.1963). The amounts of the counterclaims against Four Star and Ajax are not in dispute.

Judgments affirmed.

---

1. Both Four Star and Ajax filed notices of appeal. However, plaintiffs-appellants' brief states that it is "limited to the Four Star action because there was no *admitted* error in the Ajax accounts, since Ajax had authorized the destruction by Kable of all of its returns."